IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DEREK FLYNN,

    Plaintiff,

CASE NO. 6:17-CV-27-Orl-37KRS

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

### DEFENDANT-STATE FARM'S NOTICE OF REMOVAL

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), files this Notice of Removal of the above-styled cause pursuant to 28 *U.S.C.* §1332 and § 1446, from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida, and show unto this Court the following:

1. Plaintiff, **DEREK FLYNN** ("Flynn"), originally filed an action for damages in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 2016-CA-002825 on November 29, 2016.

2. Flynn alleges that he was involved in a motor vehicle accident that occurred on March 24, 2015, involving an uninsured/underinsured motorist. As a result, Flynn contends that he is entitled to recover against State Farm, an Illinois corporation that provided Uninsured/Underinsured motorist coverage pursuant to Policy

51615/161229RemovalNotice-Fed
59-6B53-694FRodriguez
01/05/2017 3:31 P.M.

Page 1

No.59-2217-Z92. Flynn's action constitutes a direct action against State Farm and is thus subject to removal.

3. Written notice of the filing of this Notice of Removal, has been given to Flynn through his attorney of record, Clay Mitchell, 20 North Orange Avenue, 16th Floor, Orlando, Florida, 32801 on this day.

4. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

5. State Farm files with this Notice of Removal true and correct copies of all pleadings served and filed in the above-captioned state action. (See Composite Exhibit "A").

6. This Notice of Removal is filed by State Farm within thirty (30) days of Flynn's effecting service of process upon State Farm's Florida Resident Agent. Flynn's Complaint was filed on or about November 29, 2016, and a copy of Flynn's Complaint was served upon State Farm on December 8, 2016.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over civil actions when the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. This action is one in which this Court has original jurisdiction since it involves a controversy exclusively between citizens of different states and since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

8. At the commencement of this action, and at the time of filing this Notice of Removal, State Farm was and presently still is an Illinois corporation and existing

under the laws of the State of Illinois, having its principal place of business in Illinois, and is therefore a citizen of the State of Illinois authorized to conduct business in the State of Florida.[1]

9. Flynn is resident and citizen of the State of Florida.

10. As a result of Flynn being a citizen of the State of Florida and State Farm being a citizen of the State of Illinois, there is complete diversity of citizenship between all parties.

11. There are no other parties, Defendants, or otherwise in this action.

12. Flynn's Complaint filed in state court and first served on State Farm on December 8, 2016, alleges damages in excess of $15,000.00. Flynn alleges that he sustained damages and that State Farm is liable pursuant to its contract under which Flynn is insured in accordance with Florida law.

13. Flynn carries a no-stacking policy with State Farm with policy limits of $100,000 per person and $300,000 per occurrence and thus it can be ascertained that the case meets the requisite amount in controversy of $75,000.00 and the case qualifies to be removed under 28 U.S.C. §1446(b) and § 1332(a).

14. In addition, Flynn, through his counsel of record, served upon State Farm, a document[2] stating a demand for damages in excess of $75,000.00 ($100,000), from which it can be ascertained that the case meets the requisite amount in

---

[1] See printout from Florida Department of State, Division of Corporations reflecting that State Farm was organized under the laws of the State of Illinois and is authorized to do business in the State of Florida. See Exhibit "B".

[2] October 8, 2015, Demand Letter demanding $100,000 attached as Composite Exhibit "C" and incorporated by reference.

51615/161229RemovalNotice-Fed
59-6B53-694FRodriguez
01/05/2017 3:31 P.M.

Page 3

controversy of $75,000.00 and the case is removable under 28 U.S.C. §1446(b) and § 1332(a).[3]

15. As additional support for the removal of the case regarding the amount in controversy, State Farm would show that:

(A) <u>Accident Particulars</u>: This accident occurred on December 24, 2015. The property damage to Flynn's vehicle appears to have been moderate. The cost of repairing Flynn's vehicle was $5,398.52. Flynn was involved in a collision with Nicole Castro, who carried $10,000 per person in liability insurance.

(B) <u>Description of Flynn's injuries</u>: After the accident, he reported several different injuries as recorded and noted by his treating physicians in their initial notes:

(1) Flynn visited with Dr. Charles Domson on April 4, 2015 and had a cervical MRI which revealed mild disc bulging at C5-C6.

(2) Dr. Floyd Henry performed an MRI on Flynn's left shoulder on May 1, 2015, and Dr. Floyd's impressions revealed post-surgical change in the shoulder, Hill-Sachs defect involving left humeral head with adjacent bone marrow edemas.

(3) Dr. Mark Timken performed a left shoulder MRI on Flynn on August 6, 2015, and his impressions revealed post-surgical changes in the left

---

[3] State Farm disagrees that the Plaintiff will recover the sum or value of $75,000.00 and the request for removal of this case to Federal Court is not an admission regarding value. The request for removal is premised on the fact that the policy in this case or controversy is worth $100,000 and thus the case could potentially have a value in excess of $75,000.

51615/161229RemovalNotice-Fed
59-6B53-694FRodriguez
01/05/2017 3:31 P.M.

Page 4

shoulder girdle and a small rim rent tear at the insertion of the supraspinatus.

(4) On October 6, 2015 Flynn visited with Dr. George White recommended that Flynn undergone left shoulder arthroscopy and left joint resection.

(5) On February 23, 2016, Flynn underwent left shoulder arthroscopy surgery.

16. <u>Past economic damages/out of pockets</u>: State Farm understands that that past medical bills alone are in excess of $18,343[4], which does not include any pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, aggravation of an existing condition, and loss of ability to lead a normal life.

17. Based on the total specials and the nature of the injuries, it is conceivable for federal removal purposes (although State Farm disputes the value of the claim) that a jury could render a gross verdict in excess of $100,000, which would be reduced by PIP ($10,000), MedPay ($10,000)[5] and BI Tortfeasor Setoff ($10,000) for a net verdict of $100,000[6], which meets the applicable federal threshold of $75,000.

---

[4] Defendant acknowledges that this is the gross bill prior to insurance reductions and this total figure does not include the cost of the shoulder surgery performed on February 23, 2016.
[5] Subrogation on the MedPay has not been waived and thus Flynn would be responsible for paying a lien on on any MedPay.

[6] Depending on how much the net verdict exceeds the $100,000 of the available UM coverage.

18. Florida Courts have found that evidence of total past medical bills and a demand by a Plaintiff for a settlement in an amount more than $75,000 constitutes sufficient evidence to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements.[7]

19. In 2011 a Pinellas County, FL a jury awarded a plaintiff, $116,085 where the plaintiff had injuries to her right shoulder and had arthroscopic surgery.[8]

20. In 2014 a Palm Beach County, FL jury awarded a plaintiff, 250,000 where the plaintiff complained of a left shoulder injury requiring arthoroscopic surgery, pain and suffering, and lost wages.[9]

21. In 2011 a Hillsboro County, FL jury awarded a plaintiff $141,321 (damages were reduced to $100,000 due to sovereign immunity) where the plaintiff sustained a left shoulder injury and underwent arthroscopic surgery.[10]

22. These jury verdicts which involve similar claims and/or medical bills suggest (although State Farm disputes it) that Flynn's claim could have a net verdict value of $75,000 or more.[11] Certainly, the Court can rely on its knowledge and experience:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's

---

[7] See Short v. State Farm Mut. Auto. Ins. Co., No. 613-cv-839-Orl-28 (M.D. Florida September 25, 2013), Fischer v. State Farm Mut. Auto. Ins. Co., 2011WL573836 (S.D. Fla. Feb. 15, 2011), and Bowen v. State Farm Mut. Auto. Ins. Co. 2011WL1257470 (M.D. Fla. March 29, 2010).

[8] See Vilardi v. State Farm Fire and Casualty Company, 21 Fla. J.V.R.A 12:8, WL 10549363 (2011).

[9] See McClennan v. State Farm Mutual Automobile Insurance Company, 15 FJVR 2-24, 2014 WL 7882301 (2014).

[10] Hernandez v. City of Tampa, 2011 WL 992194 (2011).

[11] A point not lost on Plaintiff's counsel having served a demand seeking the full extent of Meehan's UM coverage ($100,000) with State Farm and Meehan's allegation of "Insurance Bad Faith in the Complaint.

51615/161229RemovalNotice-Fed
59-6B53-694FRodriguez
01/05/2017 3:31 P.M.

Page 6

> jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. **Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount."** *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits. *Roe v Michelin North America, Inc.*, (613 F.3d 1058, 1061-62 (11th Cir. 2010).[12]

23. Based on the foregoing, State Farm submits that removal of this action is authorized under 28 *U.S.C.* § 1332 and § 1441 because of diversity of citizenship and the fact that there is at least a $75,000 controversy. *See e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988):

   > We begin by addressing Myers's claim that there is no

---

[12] *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986 (S.D. Fla. January 11, 2012) ("District courts must make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable"...[and] may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal").

51615/161229RemovalNotice-Fed
59-6B53-694FRodriguez
01/05/2017 3:31 P.M.

Page 7

diversity of citizenship jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(c) (1982). *As the district court properly determined, this lawsuit is not a direct action within the meaning of section 1332(c).* Myers, as an injured third party, brings this suit based on State Farm's failure to settle [the UM claim] within the policy limits and not, as contemplated by section 1332(c), as a result of State Farm's status as "payor of a judgment based on the negligence of one of its insureds." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir.1979); *accord Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985) ("*unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action*"); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir.1982). State Farm is incorporated and has its principal place of business in the state of Illinois. It therefore is deemed a citizen of that state for purposes of determining diversity. Since Myers is a citizen of Pennsylvania, federal subject matter jurisdiction exists over this action. (emphasis added).

**WHEREFORE,** State Farm respectfully requests this Honorable Court take jurisdiction of this action, and that the removal of this cause to this Court be effectuated.

### C CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this January 6, 2017, to: **W. CLAY MITCHELL, ESQ.**, 20 N. Orange Avenue, 9th Floor, Orlando, FL 32801 (cmitchell@forthepeople.com; lbland@forthepeople.com; dramsey@forthepeople.com).

/s/ *Thomas "Kevin" Knight*
**THOMAS "KEVIN" KNIGHT**
Fla Bar No: 318892
TKK11@DBKSMN.COM
elamb@dbksmn.com
**ROBERT N. BELLE, JR.**
Fla Bar No: 17794
RBELLE@DBKSMN.COM
mserret@dbksmn.com; lep27@dbksmn.com
deBeaubien, Knight, Simmons,

51615/161229RemovalNotice-Fed
59-6B53-694FRodriguez
01/05/2017 3:31 P.M.

Page 8

        Mantzaris & Neal, LLP
        332 N. Magnolia Avenue
        Orlando, FL  32801
        Direct: (407) 992-3520
        Asst: (407) 992-3537
        Fax No:  (407) 422-0970
        Attorneys For STATE FARM

51615/161229RemovalNotice-Fed
59-6B53-694FRodriguez
01/05/2017 3:31 P.M.

Page 9